BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Daniel Valles, ) | No. CV 06-0765-PHX-DGC (VAM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, ) | |
| Defendant. ) | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #8) for lack of exhaustion. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

## I. Background

Plaintiff filed a 42 U.S.C. § 1983 action against Joseph M. Arpaio, alleging that his constitutional rights were violated due to (1) overcrowding, (2) unsanitary conditions, and (3) deliberate indifference to his medical needs (Doc. #1). Defendant Arpaio was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies (Docs. ##3, 8). Attached to the motion were (1) an affidavit of Sergeant Zelean Tademy, assigned to the Inmate Hearing Unit, (2) the Maricopa County Inmate Grievance Procedures, (3) the Maricopa County Rules and Regulations for Inmates, and (4) a blank inmate grievance form (Doc. #8).

In response, Plaintiff filed a Motion requesting this Court order Defendants to provide him a copies of all grievances he filed (Doc. #14). Defendant responded to the motion,

attaching two grievances in which Plaintiff complained about not receiving a newspaper (Doc. #15). Both grievances were resolved at or before the Shift Supervisor level (Id.).

## II. Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## III. Analysis

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision

to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final.

For a medical grievance, the Hearing Officer forwards the complaint to the charge nurse, who will respond to the inmate. The inmate may appeal the charge nurse's decision by filing an External Grievance Appeal, which is forwarded to the Contracted Health Services Legal Liaison. The Legal Liaison's decision is final. Tademy attested that (1) the jail policies do not restrict the type of issue an inmate may grievance, and (2) Plaintiff filed no grievances regarding the issues in his Complaint (Doc. #8, attached affidavit).

Defendant demonstrated that there existed a grievance procedure, to which Plaintiff failed to avail himself. In his Complaint, Plaintiff indicated that a detention officer stated that his request did not warrant a grievance (Doc. #1). Such a statement does not support a conclusion that Plaintiff was "reliably informed" that there were no available remedies, particularly when, as here, Plaintiff has used the grievance system in other instances. See Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, Defendant's Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 8) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of October, 2006.

_____
David G. Campbell
United States District Judge